IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

MULTI-MEDIA PRODUCTION )
FELLOWSHIP CHURCH OF GOD THE )
CREATIVE and DANIEL J.S. FIEBIGER )
(PRES. & CEO), )
                                    )
                Plaintiffs, )    TC-MD 250414G
                                    )
        v. )
                                      )
MULTNOMAH COUNTY ASSESSOR, )
                                      )    **ORDER ON DEFENDANT'S**
               Defendant. )    **MOTION TO DISMISS**

On Defendant's Motion to Dismiss, the issue is whether Plaintiff might be a religious organization capable of qualifying the subject property for tax exemption under ORS 307.140.[1] The subject property is identified as Account R315575, and the tax year at issue is 2025-26.[2]

## I. STATEMENT OF FACTS

The subject property is a residential house owned and occupied by Plaintiff Daniel J.S. Fiebiger for over 30 years, most of which time it also housed an organization called the "Multi Media Production Fellowship" (MMPF). (Compl at 32, 40; Ptf's Ltr at 5-6, July 30, 2025.) Mr. Fiebiger is the president, secretary, and registered agent of the MMPF under its new name, "Multi-Media Production Fellowship Church of God the Creative" (MMPF-COGTC). (Def's Mot Dismiss, App at 1.)

According to Mr. Fiebiger, MMPF "started out as an arts organization" in 1988. (Ptf's Ltr at 7, July 30, 2025.) He reports that its past activities include organizing concerts in public

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2023.

[2] Plaintiff admits the tax year stated in the Complaint ("2021-on") is an error. (Ptf's Ltr at 2, July 30, 2025.)

parks, configuring donated entertainment systems for seniors, and, since 2019, taking in homeless persons "to live in exchange for volunteer work for the MMPF, while they find more stable housing." (Compl at 31.)

In 1993, MMPF received a letter from the IRS pertaining to its status as a 501(c)(3) exempt organization. (Compl at 40-41.) That letter states that MMPF had signed a form agreeing it should be classified as a private foundation. (*Id*. at 40.) MMPF filed articles of incorporation with the Oregon Secretary of State in 2003 and annual reports each year thereafter through 2024. (Def's Mot Dismiss, App at 1-3.)

On January 1, 2025, Mr. Fiebiger executed and had notarized a document captioned "Lease Agreement," purporting to lease the subject property to the " 'Multi-Media Production Fellowship' – 'Church of God the Creative' (A religion for artists)." (Compl at 35-38.) The lease's stated consideration was one dollar, and the stated term of the lease is from January 1, 2025, to January 1, 2075. (*Id*. at 35.) An addendum states that the lease "includes all the facilities on the same property of * * * 'The Multi-Media Production Fellowship' " and that "[b]oth facilities are combined for this religious-artistic purpose." (*Id*. at 37.) Mr. Fiebiger signed both as the subject's owner and as the "founder" of the organization. (*Id*. at 35.)

On March 1, 2025, Mr. Fiebiger filed an Application for Real and Personal Property Tax Exemption for the subject property, purportedly on behalf of MMPF-COGTC. (Compl at 33-34.) That application indicates the exemption was claimed under ORS 307.140 for a religious organization. (*Id*. at 33.)

On April 9, 2025, Defendant issued a letter denying the subject's application for property tax exemption for 2025-26. (Compl at 6.) The reason stated was that "[t]he organization does not qualify in accordance with ORS 307.140." (*Id*.) The present appeal is from that denial letter.

Subsequent to that denial, on May 22, 2025, MMPF filed restated articles of incorporation, changing its name to MMPF-COGTC. (Compl at 10, 27-32; Def's Mot Dismiss, App at 2.) The new articles state:

> "The MMPF is a religious organization (and always has been) even under its original shorter name but wasn't initially stated as such. Then as the MMPF (and now as The MMPF - COGTC), we strove to both create artistic beauty and provide kindness, compassion, and positive services for those in need at the scale we could afford to achieve at any given time.
>
> "Our name is now expanded and our purpose is now fully a Church and Religion."

(Compl at 28; Def's Reply at 2.) The new articles contain the following dissolution clause:

> "If and when this corporation might ever be dissolved or otherwise ended, all assets will go to those who are then running this church and the artists who are members of this church at that time, with the option of it going to any other non-profit organization that has a similar religious philosophy as a religion for artists."

(Compl at 27.)

On June 5, 2025, MMPF-COGTC was administratively dissolved by the Secretary of State. (Def's Mot Dismiss, App at 2.) As of October 1, 2025, it had not been reinstated. (Def's Reply at 3.)

## II. ANALYSIS

The narrow issue on this motion is whether the documents on file could support a finding that MMPF-COGTC was a religious organization under ORS 307.140 for the 2025-26 tax year. Only the property of "religious organizations" can qualify for tax exemption under ORS 307.140. ORS 307.112 expands the exemption to include property leased by religious organizations, in addition to property owned or being purchased by them.

The court applies the standard for summary judgment to Defendant's Motion to Dismiss because Defendant supports its motion with documents outside the pleadings. On a motion for

summary judgment, the court evaluates whether there is a "genuine issue as to any material fact." Tax Court Rule 47 C. Summary judgment is not appropriate if the documents on file, viewed in the light most favorable to the adverse party, could reasonably support a resolution in that party's favor. *See id*. Thus, for Defendant to prevail on its motion, the documents on file must show no reasonable basis for finding MMPF-COGTC was a religious organization. Plaintiff will defeat summary judgment if a favorable view of the documents suggests MMPF-COGTC could reasonably be found to be a religious organization.

Defendant argues that MMPF-COGTC was not a religious organization because (1) its original articles did not state a religious purpose; (2) its later-amended articles contained a dissolution clause benefitting the members, suggesting MMPF-COGTC was not nonprofit; and (3) it was administratively dissolved before the beginning of the tax year. The court addresses Defendant's arguments in turn.

A.      *Religious Purpose*

Although ORS 307.140 does not specify what constitutes a religious organization, it is clear that such organizations have a religious purpose. *See Foundation of Human Understanding v. Dept. of Rev.*, 301 Or 254, 258-59, 722 P2d 1 (1986) (discussing religious purpose stated in articles as *prima facie* evidence of corporation's religious character). Religious organizations may incorporate, although ORS 307.140 does not require it.[3] A corporation is religious if it is "organized primarily or exclusively for religious purposes." *See* ORS 65.001(40) (defining religious corporation).

---

[3] In this respect ORS 307.140 differs from other exemption statutes, such as ORS 307.130 and 307.145, which exempt property of certain "incorporated" institutions. *Cf. Multitude of Mercies Foundation v. Multnomah County Assessor*, TC-MD 250586N, 2026 WL 934473 at *4 (Or Tax M Div, Apr 6, 2026) (holding unincorporated organization ineligible for exemption under ORS 307.130 or 307.145).

Ultimately, an organization's character must be demonstrated in its activities, but a corporation's articles and bylaws are *prima facie* evidence of that character. *See Dove Lewis Mem'l Emergency Veterinary Clinic, Inc. v. Dept. of Rev.*, 301 Or 423, 427, 723 P2d 320 (1986) (discussing "charitable" character of taxpayer's purported charitable corporation); *Foundation of Human Understanding*, 301 Or at 258 (examining articles to determine character of purported religious organization). *Prima facie* evidence suffices "to establish a fact or raise a presumption unless disproved or rebutted." *Prima Facie*, *Black's Law Dictionary* (12th ed 2024).

In this case, the amended articles of MMPF-COGTC state that it is a religious organization "and always has been." Articles are not dispositive, but they are significant evidence. *See Dove Lewis*, 301 Or at 427. The original articles under the name of MMPF would also be significant, though they have not been provided, and they allegedly do not state a religious purpose. The documents actually provided, though—including the amended articles and the notarized lease evincing use of a religious name on January 1—provide a basis on which a factfinder could reasonably determine MMPF-COGTC was a religious organization.

B.      *Dissolution Clauses and Nonprofit Status*

A religious organization must be nonprofit to qualify for tax exemption under ORS 307.140. *Foundation of Human Understanding*, 301 Or 254, 258-61 (analyzing nonprofit status as precondition to exemption under ORS 307.140). Oregon courts have "expressed concern when the distribution of assets upon dissolution will benefit private persons rather than furthering works of charity." *Humane Society of United States v. Douglas County Assessor*, TC-MD 120686N, 2013 WL 183859 at *4 (Or Tax M Div, Jan 17, 2013). The absence of a restrictive dissolution clause subtracts from a taxpayer's claim to charitable exemption under

/ / /

ORS 307.130, but it is not fatal to it. *Id.* at \*5 (citing *Oregon Methodist Homes, Inc. v. Horn*, 226 Or 298, 309-10, 318, 360 P2d 293 (1961)).

However, there is no necessary contradiction under Oregon law between nonprofit status and distribution of a corporation's assets to its members upon dissolution. One of the three recognized types of nonprofit corporation—the mutual benefit corporation—is specifically permitted to distribute assets to members upon dissolution. ORS 65.637(1)(g). While distributions by public benefit corporations to members are prohibited, no statute forbids such distributions by religious corporations. *Compare* ORS 65.001(38)(b) (mandating restrictive dissolution clause for public benefit corporations) *with* 65.001(40) (imposing no such restriction on religious corporations); *Noelle v. Dept. of Rev.*, TC-MD 070630E, 2008 WL 1903788 at \*4 (Or Tax M Div, Apr 21, 2008) (so stating).[4]

Thus, the dissolution clause found in the restated articles of MMPF-COGTC does not by itself exclude the possibility that the organization is nonprofit. It is evidence to be weighed when considering the organization's status. *See Humane Society*, 2013 WL 183859 at \*4.

C.      *Administrative Dissolution*

The statutes governing administrative dissolution of nonprofit corporations are found at ORS 65.647 to 65.657. Our Supreme Court has summarized their import as follows:

> "A nonprofit corporation * * * that fails to file an annual report (or to take certain other required actions) may be dissolved by action of the Secretary of State if it does not correct the grounds for dissolution after receiving notice of its deficiencies. *See* ORS 65.647 (describing grounds for administrative dissolution); ORS 65.651 (describing procedure for administrative dissolution). A corporation that is administratively dissolved 'continues its corporate existence but may not carry on any activities except those necessary to wind up and liquidate its affairs.' ORS 65.651(3). However, within five years of the dissolution, a corporation may

---

[4] Income tax exemption under federal law is another matter; the regulations accompanying Internal Revenue Code section 501(c)(3) forbid distribution of assets to members upon dissolution. *See* Treas Reg § 1.501(c)(3)–1(b)(4).

apply for 'reinstatement,' which, if allowed, relates back to the date of the administrative dissolution, 'and the corporation resumes carrying on its activities as if the administrative dissolution had never occurred.' ORS 65.654(1), (3). (Moreover, the five-year reinstatement deadline can be waived by the Secretary of State for 'good cause.' ORS 65.654(4).)"

*In re Smith*, 348 Or 535, 539-40, 236 P3d 137 (2010). The court relates expert testimony that "it is common for nonprofit corporations to fail to file required reports or notices, to be administratively dissolved, and then to be reinstated." *Id*. at 540.

The crucial point is that a dissolved nonprofit corporation does not immediately cease to exist. ORS 65.637(1); 65.651(3). Nor does dissolution automatically transfer title of corporate assets. ORS 65.637(2)(a). In fact, the ability of public benefit and religious corporations to transfer assets as part of dissolution is conditioned on first notifying the Attorney General and awaiting a written response. *See* ORS 65.627(1).

Here, then, the fact that MMPF-COGTC was administratively dissolved does not prevent it from having a religious character thereafter. Its corporate existence did not cease with dissolution. *See* ORS 65.651(3). While dissolution curtailed the range of its permissible activities, such considerations pertain to the use of the subject property, rather than the nature of the organization. Its administrative dissolution does not affect whether MMPF-COGTC was a religious organization.

### III. CONCLUSION

Summary judgment is inappropriate at this time because the documents on file, viewed in a light most favorable to Plaintiffs, raise a genuine issue as to whether MMPF-COGTC was a religious organization, and neither the dissolution clause nor the administrative dissolution forecloses that possibility. Plaintiffs have not yet shown they are entitled to a tax exemption; to

/ / /

do so, they would have to prove a qualifying use of the subject property as well as the organization's religious character.  *See* ORS 307.140.  Now, therefore,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss be, and hereby is, denied.

IT IS FURTHER ORDERED that a case management conference be convened to discuss next steps.  Notices will issue separately.

_____
POUL F. LUNDGREN
MAGISTRATE

***This interim order may not be appealed.  Any claim of error in regard to this order should be raised in an appeal of the Magistrate's final written decision when all issues have been resolved.  ORS 305.501.***

***This document was signed by Magistrate Poul F. Lundgren and entered on May 21, 2026.***